# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed A. Lakis,<br>                Plaintiff,<br>vs.<br>Benihana, Inc., and Benihana National Corp.,<br>                Defendants. | Court File No.: 0:14-cv-05043-JRT-SER<br><br>**JOINT RULE 26(F) REPORT** |

Plaintiff Mohamed A. Lakis ("Plaintiff") and Defendants Benihana, Inc., and Benihana National Corp. ("Defendants"), through their respective legal counsel, hereby submit the following Rule 26(f) Report in accordance with the Court's Notice of Pretrial Scheduling Conference dated and filed January 5, 2015 in the above-referenced action.

The pretrial conference in this matter will be held in Room 334, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota on March 4, 2015 at 9:30 a.m. before United States Magistrate Judge Steven E. Rau.

**1. Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

    **a. The date and place at which the meeting was held.**

    The meeting was held telephonically on February 10, 2015.

    **b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting.**

        Mohamed A. Lakis          Gerald T. Laurie
        5601 Glenwood Ave        Ian S. Laurie
        Apartment 2                 Laurie & Laurie, PA
        Golden Valley, MN 55422   1660 S Hwy 100, Suite 508E
                                               St. Louis Park, MN 55406

| | |
|---|---|
| Benihana, Inc. | Andrew J. Voss |
| Benihana National Corp. | Stephanie M. Laws |
| Restaurateurs | Littler Mendelson, P.C. |
| 21500 Biscayne Blvd. | 1300 IDS Center |
| Suite 900 | 80 South Eighth Street |
| Aventura, FL 33180 | Minneapolis, MN 55402 |
| | (612) 630-1000 |

    c.    **Name of insurance carriers that may be liable for the defense or payment of any damage award.**

           Plaintiff: Not applicable.

           Defendants: Defendants are currently investigating the availability of insurance coverage.

    d.    **An agenda of matters to be discussed at the Pretrial Conference.**

           All subjects appropriate under Fed. R. Civ. P. 16.

2.    **Description of the case**

    a.    **A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description.**

           This Court has original federal jurisdiction under 28 U.S.C. § 1332. This action was removed from the Hennepin County, Minnesota District Court to this Court pursuant to 28 U.S.C. § 1441(b).

    b.    **A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and**

           Plaintiff's Narrative of the Facts:

           Plaintiff, Mohamed Lakis, was a dedicated employee of Defendants for 14 years; working his way up to become manager of their Golden Valley, Minnesota location. Plaintiff took great pride in his work, and helped grow the revenue in his restaurant from $2.3 million annually to a high of $7 million in 2007. Plaintiff also happens to be Lebanese; his national origin was not an issue until Tammy Kidd was hired to be his supervisor in 2011. Ms. Kidd frequently made fun of Plaintiff's accent and asked him to "speak better English." She would ask Plaintiff to discipline employees for violations of company policies, etc., but then would reverse the disciplinary decision Plaintiff made in order to undermine and embarrass him.

When Plaintiff inquired about having something other than pork available for employee lunch, Ms. Kidd rudely shouted at him, "Why don't you eat your own country's food!" She was also inflexible with Plaintiff's schedule, while freely changing other employee's schedules upon request. In June 2013, Plaintiff called Defendant's Human Resources Department to report the mistreatment Ms. Kidd was inflicting upon him. When Plaintiff got no response, he followed up in September and still got no response. Plaintiff was fired on July 2, 2014, because Defendants stated he mishandled a complaint of sexual harassment. The employee who reported the harassment, however, has signed an affidavit stating she has "no complaints about the way Mr. Lakis handled the complaint." Defendant's termination of Mr. Lakis was pretext for their continued discrimination of Plaintiff and those similarly situated.

Defendants' Brief Narrative of the Facts:

Plaintiff was employed at a Benihana restaurant until June 2, 2014, when his employment was terminated for legitimate, non-discriminatory and non-retaliatory business reasons. As set forth in Defendants' Answer, Defendants deny Plaintiff's allegations of discrimination and retaliation, and further deny any legal wrongdoing or that Plaintiff is entitled to any relief whatsoever.

**c.    A summary itemization of the dollar amount of each element of the alleged damages.**

Plaintiff: Plaintiff was making approximately $4,500 per month, or $54,000 per year, base salary. Plaintiff stopped receiving this income as of July 2, 2014, and has not received any income of any kind, nor worked anywhere else, since this date. Plaintiff is requesting damages for back pay, from July 2, 2014, to the date of trial, additional damages for benefits lost (including but not limited to, approximately $4,500 in unpaid vacation time and $3,000 in unpaid sick leave), as well as damages for emotional distress (in an amount to be determined at trial).

Defendants: Defendants do not believe Plaintiff is entitled to any damages.

3. **Pleadings**

   a. **A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings.**

   The Complaint and Answer have been timely filed. The parties do not anticipate any amendments to their pleadings.

   b. **The date by which all motions that seek to amend the pleadings to add parties, claims and defenses will be filed**.

   May 22, 2015.

   c. **Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.**

   Plaintiff has demanded a jury trial.

4. **Discovery Plan (If the parties are unable to agree on a discovery plan, the Report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive or might lead to early settlement discussions, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery, and any other matters counsel may agree upon to control litigation costs and delay. In addition, the plan shall provide the following information:**

   a. **Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed. (Note: Unless otherwise agreed by counsel, the initial disclosures under Rule 26(a)(1) shall be exchanged no later than 14 days from the Rule 26(f) meeting).**

   March 6, 2015.

   b. **Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced, and if not, when the parties believe that alternative dispute resolution would be appropriate. In addition, state the proposed method of alternative dispute resolution.**

   The parties are willing to engage in private mediation near the end of discovery. The parties will each pay half of the mediation costs.

4

**c.  Whether discovery should be conducted in phases (e.g., to first discover information bearing on dispositive issues or on settlement), or limited to or focused upon, particular issues.**

The parties do not believe that discovery should be conducted in phases or limited to or focused upon particular issues.

**d.  How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Prior to conducting any ESI discovery, the parties shall meet and confer regarding the parameters and format of such discovery.

**e.  How the parties propose handling claims of privilege and protection of trial preparation material.**

The parties will address and attempt to resolve such issues before bringing such issues to the Court and/or comply with the Court's direction concerning the handling of such matters, consistent with Fed. R. Civ. P. 26.

**f.  How the parties propose handling the protection of confidential information.**

The parties plan to submit a stipulated protective order, consistent with the Court's rules, to address the exchange and handling of confidential information.

**g.  The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts.**

Plaintiff's report due:  July 24, 2015.

Defendants' report due:  August 24, 2015.

Plaintiff's rebuttal due:  September 24, 2015.

**h.  Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any.**

The parties are each limited to one expert witness.

**i. The number of interrogatories each party shall be permitted to serve, including subparts.**

Twenty-five (25) directed to each opposing party.

**j. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take.**

Ten (10) depositions.

**k. The number of expert depositions each party shall be permitted to take.**

One (1) expert deposition.

**5. Close of Fact and Expert Discovery and Non-Dispositive Motions**

**a. The date by which all fact discovery shall be completed.**

October 23, 2015.

**b. The date by which all expert discovery, including expert depositions, shall be completed.**

October 23, 2015.

**c. The date by which any independent medical examination shall be completed and the report served on the opposing party.**

October 23, 2015.

**d. The date by which all non-dispositive motions shall be served, filed and heard by the Court.**

November 6, 2015.

**6. Dispositive Motions and Trial**

**a. Date by which all dispositive motions shall be served, filed and heard by the Court.**

January 15, 2016

**b. Date by which case will be ready for trial.**

May 1, 2016.

**c.** **The number of expert witnesses each party expects to call at trial.**

The parties do not presently anticipate calling expert witnesses at trial, but may call up to one expert witness each to testify.

**d.** **Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable).**

Three to five (3-5) days.

*[Signature Block on Following Page]*

| | |
|---|---|
| Date:  February 25, 2015 | *s/Ian S. Laurie* |
| | Ian S. Laurie (#029116X) |
| | Gerald T. Laurie (#61116) |
| | **LAURIE & LAURIE, P.A.** |
| | 1660 South Highway 100, Suite 508E |
| | St. Louis Park, MN 55416-1534 |
| | Telephone:  952.738.0191 |
| | ian@laurielaurie.com |
| | gtlaurie@aol.com |
| | |
| | ***ATTORNEYS FOR PLAINTIFF*** |
| | |
| Date:  February 25, 2015 | *s/Stephanie Marie Laws* |
| | Andrew J. Voss (#0241556) |
| | Stephanie Marie Laws (#00396174) |
| | **LITTLER MENDELSON, P.C.** |
| | 1300 IDS Center |
| | 80 South Eighth Street |
| | Minneapolis, MN 55402 |
| | Telephone:  612.630.1000 |
| | avoss@littler.com |
| | smlaws@littler.com |
| | |
| | ***ATTORNEYS FOR DEFENDANTS BENIHANA, INC., AND BENIHANA NATIONAL CORP.*** |

Firmwide:131118085.3 062447.1073